FRED A. SARG, PROSECUTOR, v. BYRON H. HOOPER, JUS-
TICE OF THE PEACE OF THE BOROUGH OF HAWORTH,
BERGEN COUNTY, RESPONDENT.

Submitted January term, 1925—Decided March 26, 1925.

**Municipalities—Zoning—Conviction for Violation of Zoning Or-
dinance by Erection of a Refreshment Stand and Gasoline
Tank on Prosecutor's Property—Ordinance Unconstitu-
tional—Case Clearly Under Ignaciunas v. Risley Case—
Conviction Set Aside.**

On *certiorari*.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Edward A. Kenney.*

For the respondent, *James DeTurck.*

PER CURIAM.

The prosecutor was convicted for violating the zoning
ordinance of the borough of Haworth, in Bergen county. The
violation consisted in the erection and use of a refreshment
stand and gasoline tank upon his property, which was within
a district under the ordinance prohibiting the erection and
use of any building for business purposes. The prosecutor
is the owner of a large tract of property. The location of the
refreshment stand and gasoline tank is such that there are
no other buildings to the north as far as Haworth drive, a
distance of one hundred and fifty to two hundred feet, nor to
the south for three hundred or four hundred feet, and the
stand is sixty feet back from Washington avenue, on which
it fronts.

Three reasons are urged by the prosecutor why the con-
viction should be set aside. One reason only requires our
attention because it requires the setting aside of the convic-

tion. That reason is: "The ordinance is unconstitutional, for the reason that it forbids the prosecutor the use of his property for the lawful purpose for which he is using it, and thereby deprives him of his property without compensation and due process of law."

Under the facts the case *sub judice* falls clearly within that of *Ignaciunas* v. *Risley*, 1 *N. J. Adv. R.* 1023; *affirmed,* 2 *Id.* 852, in that as applied to the uses to which prosecutor is putting his lands and the structures in question the prohibitions of the zoning ordinance when applied thereto are not within the police powers of the borough in protecting and conserving public health, safety or general welfare.

The result of such finding is that the conviction must be set aside, with costs.